# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

THOMAS BAILEY, III,                                                                                    PLAINTIFF
ADC #148850

v.                                            5:19CV00213-SWW-JTK

K. GRANDY                                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**I.      Introduction**

Plaintiff Thomas Bailey is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging slander, sexual harassment, failure to protect, and intentional infliction of emotional distress against Defendant Grandy.

Pending before the Court is the Defendant's Motion to Dismiss (Doc. No. 9), to which Plaintiff responded (Doc. No. 11). Plaintiff also filed a Motion for Injunctive Relief or Restraining Order (Doc. No. 6) and a Motion to Amend. (Doc. No. 12)

**II.     Complaint**

Plaintiff alleged that on March 26, 2018, Defendant slandered his name and defamed his character when she told other inmates that he was "getting dicked down since he been in prison, I'll strap a dildo on (sexual toy) and f___ him myself." (Doc No. 2, p. 4) Defendant also allegedly stated, "Nigga you a Bitch, your nails longer than mines," and "you ain't got no hoes, who are you? You ain't nobody but a faggot." (Id., p. 5) Plaintiff alleged Defendant violated Arkansas

2

policies and conduct standards prohibiting harassment, sexual contact, and discourteous treatment to others. (Id.) He alleged the comments led to other inmates talking negatively about him and calling him names and caused him to lose sleep and suffer from depression, anxiety, and emotional distress. (Id.)

**III.     Motion to Dismiss**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

The Court initially agrees with Defendant that Plaintiff's monetary claims against her in her official capacity should be dismissed, pursuant to sovereign immunity. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 65 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 755 (8th Cir. 1997).

The Court also finds, after careful review, that Plaintiff's allegations against Defendant in her individual capacity should be dismissed for failure to state a claim upon which relief may be granted.   First, "[g]enerally, mere verbal threats made by a state-actor do not constitute a § 1983

3

claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997), quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992). In addition, the "constitution does not protect against all intrusions on one's peace of mind. Fear of emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." King, 117 F.3d at 1067 (quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991)). In addition, although sexual harassment or abuse of an inmate by a prison guard "may in some circumstances constitute the unnecessary and wanton infliction of pain which is forbidden by the Eighth Amendment ... harassment without any physical contact is insufficient to constitute the unnecessary and wanton infliction of pain." Philmlee v. Byrd, No. 4:10cv00221-BSM-HDY, 2010 WL 6549829, at *3 (E.D.Ark), report and recommendation adopted, 2011 WL 1542655 (E.D.Ark.), citing Howard v. Everett, 208 F.3d 218 (8th Cir. 2000). In this case, Plaintiff did not allege any physical contact or touching, and relied in his response on Defendant's alleged violations of ADC policy. Yet, allegations based solely on Defendant's failure to follow ADC policies and procedures should be dismissed, for failure to state a claim. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Plaintiff's allegations of slander and defamation also fail to support a constitutional claim for relief. The United States Supreme Court held that defamation by a state or local official does not by itself violate rights protected by the federal constitution, in Paul v. Davis, 424 U.S. 693, 711-712 (1976). In addition, in Johnson v. Barker, the court stated that defamation is not actionable under section 1983 and that damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." 799 F.2d 1396, 1399 (9th Cir. 1986). Although Plaintiff

4

also refers to Defendant's failure to protect him, he does not include any specific facts or allegations to support this claim, and his allegation of intentional infliction of emotional distress is a state tort, which should be pursued in state court absent any underlying constitutional claims. See McLaurin v. Prater, where the court held that the district court properly declined to exercise jurisdiction over the state law claims once constitutional claims were dismissed. 30 F.3d 982, 984-94 (8th Cir. 1994).

IV.     **Preliminary Injunction**

In his Motion, Plaintiff alleges that eight ADC officers and officials who are not parties to the present action, have retaliated against him for grievances and lawsuits and told other inmates that he is a snitch. While these allegations may state constitutional claims for relief, they deal with matters which lie outside the issues and parties involved in the present lawsuit, and should therefore be filed in a separate lawsuit   See Debeers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945), and Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

V.      **Motion to Amend**

Finally, Plaintiff asks to amend his complaint to include a claim of gender discrimination in violation of the Fourteenth Amendment's Equal Protection Clause.   However, he has not included any allegations or specific facts in support of such a claim, and therefore, the Court finds this Motion should be denied.

Therefore, for all the above reasons, this Court finds that Plaintiff's allegations against Defendant do not support constitutional claims for relief, and should be dismissed.

IV.     **Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant's Motion to Dismiss (Doc. No. 10) be GRANTED, and Plaintiff's

Complaint be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff's Motions for Preliminary Injunctive Relief/Temporary Restraining Order (Doc. No. 6) and to Amend (Doc. No. 12) be DENIED.

3. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

4. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 21st day of August, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.